IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Qurian Vere Roberson,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　Respondents. | No. CV-12-0250-PHX-ROS (DKD)<br><br>**REPORT AND RECOMMENDATION AND ORDER** |

TO THE HONORABLE ROSLYN O. SILVER, SENIOR U.S. DISTRICT JUDGE:

　　　　Qurian Vere Roberson filed a timely Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for three counts of aggravated assault, two counts of armed robbery, one count of misconduct involving weapons, and the trial court's imposition of prison terms totaling 31.5 years.  He raises eight grounds for habeas relief: (1) counsel admitted Roberson's guilt on the record thereby creating a conflict of interest; (2) the State withheld exculpatory evidence; (3) a juror committed misconduct; (4) the criminal charges should have been severed; (5) appellate counsel was ineffective for failing to raise an issue on appeal; (6) trial counsel was ineffective for failing to prove that the firearm used in the offenses was inoperable; (7) the trial court improperly considered Roberson's prior convictions; and (8) he was improperly tried by an all-white jury.

　　　　Respondents contend that the grounds are either unexhausted and procedurally defaulted, moot, not cognizable on federal habeas review, or without merit.  For the

reasons stated below, the Court recommends that the petition be denied and dismissed with prejudice. Roberson also seeks to have the petition stayed and held in abeyance, pending the completion of his latest round of state post-conviction proceedings. The Court will deny the Motion for Stay and Abeyance.

## BACKGROUND

The facts surrounding the convictions are summarized in the court of appeals memorandum decision:

> On June 19, 2002, Oscar A. ("Oscar Sr."), his wife, Yolanda A. ("Yolanda"), and their five-year-old son, Oscar, ("Oscar Jr."), were operating their family-owned mobile hotdog stand at the corner of 27th Avenue and Georgia Street in Phoenix, Arizona. At approximately 11:15 p.m., appellant, who was wearing a ski mask, approached Oscar Sr. and his family, pointed a rifle at them, and demanded their money. Appellant took $87.00 from Oscar Sr. and Yolanda, and fled. The business ledger recorded that Oscar Sr. and Yolanda had $87.50 in their possession that day.
>
> Immediately after Oscar Sr. and Yolanda had been robbed, Oscar Sr. saw a police car and ran towards it waving his arms to get the officer's attention. Sergeant Rother of the Phoenix Police Department was the officer driving the patrol car that Oscar Sr. flagged down. At trial, Sergeant Rother testified that he witnessed appellant running in the same direction in which Oscar Sr. was pointing. Sergeant Rother caught up to appellant, ordered him to lie on his stomach, and waited for other law enforcement officers to assist him. Once appellant was handcuffed, Sergeant Rother testified that he observed a ski mask lying in the same location where appellant was previously ordered to stop. Rother also found an assault rifle in the same area where he had witnessed appellant running. Officer Conway, also of the Phoenix Police Department, searched appellant and found $87.00 in his front pants pocket.
>
> During the time in which appellant was detained, another Phoenix police officer was called to the hotdog stand to assist in the investigation. Sergeant Rother told that officer to bring Oscar Sr. and Yolanda in a patrol car to the location where appellant was detained to perform a one-on-one identification of appellant. Oscar Sr. and Yolanda each positively and individually identified appellant as the armed robber. They also positively and individually identified the rifle as the one used in the commission of the robbery. Testimony was also given at trial that appellant had a prior felony conviction and, as such, was prohibited from possessing any

      firearms without first having his civil rights restored. According to the Superior Court Clerk's Office, appellant had not had his civil rights restored as of the date of trial.

(Doc. 10 , Exh A at ¶¶ 2-4).

      On direct review, counsel filed an *Anders* brief, raising two arguable issues: (1) whether the trial court erred in failing to hold a hearing pursuant to *State v. Torres*, 206 Ariz. 52 (App. 2003), when Roberson expressed dissatisfaction with trial counsel; and (2) whether the trial court abused its discretion in denying a motion for mistrial based on the delayed disclosure of a photograph of Roberson taken the night of the robbery showing him in different clothing than that described by Oscar Sr. and Yolanda during their testimony (Doc. 10, Exh C). In his supplemental *pro se* brief, Roberson also argued these claims, and challenged the officer's stop, the pat-down search, the one-man show-up, Roberson's allegedly aggravated sentences, his enhanced sentence in light of *Blakely v. Washington*, 542 U.S. 296 (2004), and the constitutionality of Arizona's sentencing scheme (Doc. 10, Exh D at 1, 20-24, 27-34). Roberson also raised claims of ineffective assistance of trial counsel, prosecutorial misconduct based on alleged violations of *Brady v. Maryland*, 373 U.S. 83 (1963), and juror misconduct (Doc. 10, Exh. D at 24-27). The Arizona State Court of Appeals affirmed the convictions and sentences; the Arizona Supreme Court denied review (*Id*., Exh A, E, F).

      Following the initiation of post-conviction proceedings, appointed counsel filed a notice with the trial court that he had completed a review of the record and determined that there were no colorable claims that could be raised in a petition for post-conviction relief (*Id*., Exh G). In his subsequent *pro se* petition, Roberson asserted that trial counsel was ineffective for failing to challenge the grand jury, argue prosecutorial misconduct based on alleged *Brady* violations and other alleged abuses, file motions to suppress the fruits of an allegedly overbroad pat-down search and unlawful arrest, challenge the identification evidence, object to an all-white jury, strike jurors for cause, object to juror bias and misconduct, call Oscar Jr. and a 911 caller as witnesses, impeach Sergeant

1    Rother's and the victims' testimony, object to an incorrect jury instruction, object to
2    evidence that Roberson's probation had been revoked, object to the admission of the
3    victims' business records for the day of the robbery, prove that the weapon used in the
4    armed robbery was inoperable, investigate and call unnamed alibi witnesses, object to
5    sentencing errors, and provide Roberson with a copy of the presentence report (*Id*., Exh I
6    at 8-25).  He also alleged trial counsel was negligent in admitting Roberson's guilt to the
7    jurors in the jury room and in allowing admission of the late-disclosed photographic
8    evidence (*Id*., Exh I at 8).

9           In a detailed minute entry, the trial court denied relief (*Id*., Exh J).  In his petition
10   for review, Roberson alleged trial counsel was ineffective in failing to challenge the
11   grand jury, prove that the weapon used in the armed robbery was inoperable, file motions
12   to suppress the fruits of an allegedly overbroad pat-down search and unlawful arrest,
13   challenge the identification evidence, object to a biased jury, challenge prosecutorial
14   misconduct, object to the jury instructions, call a 911 caller as a witness, call unnamed
15   alibi witnesses, object to the improper use of prior convictions, and object to consecutive
16   sentences and double punishment (*Id.*, Exh L at 2-8).  He also contended that trial counsel
17   was negligent in admitting Roberson's guilt to the jurors in the jury room and that
18   appellate counsel was ineffective in filing an *Anders* brief (*Id*. at 5, 8-9).

19          The Arizona Court of Appeals granted relief on the claim of ineffective assistance
20   regarding the imposition of consecutive sentences, concluding that but for counsel's
21   deficient performance, Roberson would have received concurrent sentences for the armed
22   robberies and aggravated assaults.  The court of appeals remanded the case to the trial
23   court for correction of the sentences; the Arizona Supreme Court denied review (*Id*., Exh
24   M, N).  In his third post-conviction petition, Roberson alleged that the court of appeals
25   failed to decide the merits of his *Blakely* claim, that his sentences violated *Blakely*, and
26   that appellate counsel was ineffective in failing to raise the *Blakely* claim (*Id*., Exh O at
27   4-13).  The trial court found the claims precluded and summarily denied relief (*Id*., Exh
28   P).  In his fourth post-conviction petition, Roberson argued the indictment was

1 "multiplicitous." The trial court found the claim precluded and summarily denied relief
2 (*Id.*, Exh Q).

3     The trial court subsequently corrected Roberson's sentences, imposing concurrent
4 sentences for the armed robbery and aggravated assault offenses, the longest being 15.75
5 years (*Id.*, Exh R). The trial court reiterated the remaining sentences for the aggravated
6 assault of Oscar Jr. and the misconduct involving weapons, and ordered these sentences
7 to be served concurrently with one another, but consecutively to the corrected terms (*Id.*,
8 Exh R). On direct review, Roberson argued that the trial court erred in failing to
9 resentence him for all his convictions. The court of appeals affirmed the corrected
10 sentence and the supreme court denied review (*Id.*, Exh S, T, U).

## EXHAUSTION OF REMEDIES

12     A state prisoner must exhaust his state remedies before petitioning for a writ of
13 habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S.
14 364, 365-66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). To
15 properly exhaust state remedies, a petitioner must fairly present his claims to the state's
16 highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S.
17 838, 839-846 (1999). In Arizona, a petitioner must fairly present his claims to the
18 Arizona Court of Appeals by properly pursuing them through the state's direct appeal
19 process or through appropriate post-conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008,
20 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). A claim has
21 been fairly presented if the petitioner has described both the operative facts and the
22 federal legal theory on which the claim is based. *Bland v. Cal. Dep't of Corrections*, 20
23 F.3d 1469, 1472-73 (9th Cir.1994), *overruled on other grounds by Schell v. Witek*, 218
24 F.3d 1017, 1025 (9th Cir. 2000) (en banc); *Tamalini v. Stewart*, 249 F.3d 895, 898 -99 (9th
25 Cir. 2001). A "general appeal to a constitutional guarantee," such as due process or a fair
26 trial, is insufficient to achieve fair presentation. *Shumway v. Payne*, 223 F.3d 982, 987
27 (9th Cir. 2000). The exhaustion requirement will not be met where the Petitioner fails to
28 fairly present his claims. *Roettgen*, 33 F.3d at 38.

1   If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. *See Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Harris v. Reed*, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring).  If remedies are available in state court, then the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. *Id.*  However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *White v. Lewis*, 874 F.2d 599, 602-605 (9th Cir. 1989).  The federal court may decline to consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice.  *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 86 (1977); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

Further, a procedural default may occur when a Petitioner raises a claim in state court, but the state court finds the claim to be defaulted on procedural grounds. *Coleman*, 501 U.S. at 730-31.  In such cases, federal habeas review is precluded if the state court opinion contains a plain statement clearly and expressly relying on a procedural ground "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision."  *See Harris*, 489 U.S. at 260.  A state procedural default ruling is "independent" unless application of the bar depends on an antecedent ruling on the merits of the federal claim.  *See Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Stewart v. Smith*, 536 U.S. 856 (2002).  A state's application of the bar is "adequate" if it is "'strictly or regularly followed.'"  *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 262-63 (1982)).  In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, just as in cases involving defaulted claims that were not fairly presented, federal habeas review of the claims is barred unless the prisoner can demonstrate a miscarriage

of justice or cause and actual prejudice to excuse the default. *See Coleman*, 501 U.S. at 750-51.

"Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, ____U.S. ____, 132 S.Ct. 1309, 1315 (2012). A prisoner may show cause for default of an ineffective assistance claim by demonstrating that this claim of ineffective assistance of trial counsel is a substantial one, that the claim has merit. *Martinez*, 132 S.Ct. at 1318.

## DISCUSSION

*Motion for Stay and Abeyance*

Following the completion of briefing, Roberson filed a Motion for Stay and Abeyance, requesting that his federal petition be stayed and held in abeyance pending the conclusion of his most recent post-conviction proceedings. Habeas corpus relief is unavailable "unless the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Generally, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, a district court has limited discretion to hold in abeyance a habeas petition containing both exhausted and unexhausted claims in order to allow a petitioner to return to state court to exhaust additional claims while the federal proceedings are stayed. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Stay and abeyance is appropriate only when (1) there is good cause for petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner has engaged in intentionally dilatory litigation tactics. *Id.* at 277-278. In addition, the district court may decline to stay and hold in abeyance when it is clear the unexhausted claim would be untimely. *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009).

On October 9, 2012, Roberson filed a Notice of Post-Conviction Relief, arguing for the first time that trial counsel had been ineffective during the plea-bargaining process

(Doc. 17, Exh A at 3). He argued that he had not filed the claim in a timely manner because *Frye*[1] and *Cooper*[2] constituted a significant change in the law that applied to his case (*Id.*). The trial court dismissed the notice as untimely, reasoning that *Frye* and *Cooper* "did not change the law concerning ineffective assistance of counsel: they merely applied the right to counsel to a factual context" (*Id.*, Exh B). Roberson's motion for reconsideration was denied for the same reason, with the trial court also concluding that *Frye* and *Cooper* were not significant changes in law that would allow Roberson to file an untimely Rule 32 motion (*Id.*, Exh C, D). Roberson's untimely PCR was excusable only by a "significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence." *See* Ariz.R.Crim.P. 32.1(g). It has long been recognized that plea bargain negotiations are a critical phase of the proceedings for purposes of the right to the effective assistance of counsel. *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010). During the plea negotiations, Roberson participated in a *Donald*[3] hearing during which the trial court explained the plea offer to him. Because plea bargain negotiations have long been held to be a critical phase of the proceedings, *Padilla*, any claim of ineffective assistance of counsel during these proceedings could have been raised by Roberson in his first post-conviction proceedings in 2006, along with the *seventeen* other claims of ineffective assistance that Roberson alleged in his *pro se* petition. The claim is therefore precluded and procedurally barred. *Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991). Roberson has shown neither cause nor prejudice, nor actual innocence, to excuse his failure to exhaust this claim in state courts. *Carrier*, 477 U.S. at 488. The Court will therefore deny the motion.

---

[1] *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399 (2012).

[2] *Lafler v. Cooper,* ___ U.S. ___, 132 S.Ct. 1376 (2012).

[3] *State v. Donald*, 10 P.3d 1193, 1198, ¶ 9, 1200, ¶ 14 (Ariz. App. 2000)

*Procedurally Defaulted, Noncognizable, or Moot Claims*

In Ground One, Roberson argues that trial counsel violated his rights under the fifth, sixth, and fourteenth amendments by admitting his guilt on the record after jury selection, thereby creating a conflict of interest. Appellate Counsel raised the conflict between Roberson and trial counsel in his *Anders* brief, but did not cite a federal basis for it. Roberson raised the conflict issue in his *pro se* supplemental brief as a violation of his rights to a fair trial and to the effective assistance of counsel. A general appeal to a constitutional guarantee, such as due process or a fair trial, is insufficient to demonstrate fair presentation. *Shumway*, 223 F.3d at 987. Therefore, Roberson's fifth and fourteenth amendment claims are precluded from federal review. His ineffective assistance claim will be considered on the merits.

In Ground Four, Roberson argues he was denied "his fundamental right due to the prejudicial nature of probation violation and prohibited possessor count," because the counts were not severed. There is no clearly-established constitutional right to severance of charges. *See Collins v. Runnels*, 603 F.3d 1127, 1132-33 (9th Cir. 2010). His claim is therefore not cognizable in a federal habeas proceeding.

In Ground Five, Roberson contends that he was denied the effective assistance of appellate counsel, claiming that counsel omitted "a significant and obvious issue on appeal without strategic purpose leaving [him] to fix the issue on his own and the court granting relief without fixing the problem." In his petition for review, he asserted "12 issues in the memorandum concerning appellate [counsel's] omissions." The court of appeals granted relief on one issue: the imposition of consecutive sentences for the armed robberies and aggravated assaults against Oscar Sr. and Yolanda. To that extent, the claim is properly exhausted, but moot in light of the relief granted by the court of appeals.

In Ground Seven, Roberson contends that his due process rights were violated by the improper use of his prior convictions "that were neither proven dangerous nor crimes

of violence." An error of state sentencing law is not a cognizable claim in a federal habeas proceeding. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

In Ground Eight, Roberson argues that he was tried by an all-white jury, which he alleges was biased in violation of his due process and fundamental rights. He did not raise this claim on direct review, and it is therefore not fairly presented. *Swoopes*, 196 F.3d at 1010. He raised it as a basis for ineffective assistance of trial counsel in his petition for review, not as a substantive claim, and as such is insufficient for exhaustion of the underlying claim. *See Rose v. Palmateer*, 395 F.3d 1108, 1111-12 (9th Cir. 2005). He has demonstrated neither cause nor prejudice to excuse the default. *See Coleman*, 501 U.S. at 750-51.

*Merits Discussion*

In the exhausted portion of Ground One, Roberson alleges that trial counsel was ineffective by admitting Roberson's guilt after the jury had been selected. He alleges, as he did in state court, that counsel was ineffective for having placed on the record the fact that Roberson intended to testify and perjure himself, thereby creating an ethical conflict of interest. In denying this claim raised in Roberson's post-conviction petition, the trial court ruled that Roberson had not established prejudice under *Strickland* because "the court, the prosecutor and [the] jury were not present when this statement was made. The statement was made for the record and did not in any way impact the trial." Given the fact that only Roberson, counsel and the court reporter heard counsel's comment, the trial court's conclusion was not objectively unreasonable. *Woodford v. Visciotti*, 537 U.S. 19, 27 (2002).

In Ground Two, Roberson alleges that law enforcement and the prosecutor cooperated with one another to withhold a photograph taken of him on the day of the robbery depicting him in different clothing than that described by the victims. The prosecution's withholding of exculpatory evidence violates due process where the evidence is material either to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). "[E]vidence is material only if there is a reasonable probability that, had the

evidence been disclosed to the defense, the result of the proceeding would have been different.  A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985).  The trial court concluded that there was no *Brady* violation because the photograph was ultimately disclosed and admitted into evidence at trial, and presented to the jury.   Under these circumstances, there is no reasonable probability sufficient to undermine confidence in the jury's verdicts. *Id*.

In Ground Three, Roberson argues that his due process rights were violated by juror misconduct.  During the trial, a juror recognized one of the State's witnesses as the husband of a friend, and without discussing it with any other juror, she wrote a note and asked the bailiff to give it to the judge (Doc. 10, Exh GG at 35-37).  Roberson alleges that the trial court erred in failing to question the remaining jurors to determine if the excused juror had "said anything to influence or persuade them in [the witness's] favor or the State's."  When defense counsel expressed concern that the juror may have influenced the other jurors, the trial judge assured counsel that the juror had not spoken to anyone else on the jury.  The trial court denied counsel's motion for mistrial, but granted the State's motion to have the juror designated as an alternate, and excused the juror from further service (*Id*., Exh BB at 2, GG at 35-37, 55-58).  Roberson does not argue that the jury was not impartial, and jury bias may be presumed only in extraordinary cases. *Fields v. Brown*, 503 F.3d 755, 772 (9th Cir. 2007).  Roberson has not established a claim for relief.

In Ground Five, Roberson argues he was "constructively" denied the effective assistance of appellate counsel, claiming that counsel omitted "a significant and obvious issue on appeal without strategic purpose leaving [him] to fix the issue on his own and the court granting relief without fixing the problem."  To the extent that this issue is not moot, Roberson can no longer establish prejudice because appellate counsel filed an *Anders* brief, Roberson filed a supplemental brief, and the court of appeals searched the record for fundamental error, and found none.

1 In Ground Six, Roberson contends that trial counsel was ineffective for failing to prove that the firearm used in the offenses was inoperable. In denying the claim, the trial court ruled that Roberson had not established deficient performance or any resulting prejudice. The trial court stated: "At trial, the State presented evidence through its criminalist that the Defendant's gun was loaded and ready to go with a bullet in the chamber. A deadly weapon means anything designed for lethal use, including a firearm" (Doc. 10, Exh J at 3). Even assuming the gun was temporarily inoperable, it would not have been relevant to Roberson's guilt. Nothing in the statutes defining aggravated assault or armed robbery requires the weapon to be operable. *See* A.R.S. §§ 13-1204(A)(3), 13-1904(A)(1), (A)(2). Roberson has not satisfied either prong of the *Strickland* standard.

**IT IS THEREFORE ORDERED** denying Roberson's Motion for Stay and Abeyance (Doc. 15).

**IT IS RECOMMENDED** that Qurian Vere Roberson's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice (Doc. 1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** either because denial of the motion is justified by a plain procedural bar and jurists of reason would not find the ruling debatable, or because Roberson has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may

result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 11th day of March, 2014.

_____
David K. Duncan
United States Magistrate Judge