IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Qurian Vere Roberson,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　Respondents. | No. CV-12-00250-PHX-ROS<br><br>**ORDER** |

On March 11, 2014, Magistrate Judge David K. Duncan issued a Report and Recommendation ("R&R") recommending Qurian Vere Roberson's petition for writ of habeas corpus be denied. (Doc. 20). Petitioner filed objections. (Doc. 21). For the following reasons, the R&R will be adopted and the petition denied.

**I. Standard of Review and Objections**

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Where any party has filed timely objections to the R&R, the district court's review of the part objected to must be *de novo. Id.* The Court need not conduct any review of portions where no objection is made. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (district court must review only those portions of R&R to which there are objections).

Petitioner "concedes to the correctness of the factual background, and post conviction proceedings as they are stated" in the R&R. (Doc. 21 at 1). Therefore, the Court will adopt

1  that factual background in full. Petitioner appears to object, however, to everything in the
2  R&R other than the factual background. Those objections are difficult to understand and
3  appear to be general objections rather than "specific" objections required by Federal Rule of
4  Civil Procedure 72. As noted by another judge, "general objections to an R & R are
5  tantamount to no objection at all." *Gutierrez v. Flannican*, 2006 WL 2816599, at *2 (D.
6  Ariz. Sept. 29, 2006). Thus, the Court could summarily adopt the R&R in full. However,
7  out of an abundance of caution, the Court will review *de novo* the R&R's conclusion on each
8  of Petitioner's claims.

## II. Five of Petitioner's Claims Are Barred

10  The R&R concludes five of Petitioner's claims are either "procedurally defaulted,
11  noncognizable, or moot." (Doc. 20 at 9-10). Having reviewed the claims *de novo*, the R&R
12  is correct. That is, the R&R correctly reached the following five conclusions: 1) Petitioner
13  did not identify the *federal* basis for portions of one claim based on his counsel allegedly
14  admitting his guilt; 2) there is no constitutional right to severance of charges; 3) Petitioner
15  already obtained relief on his sentencing error claim; 4) errors of state sentencing law are not
16  cognizable in federal habeas; and 5) Petitioner did not raise his claim regarding the
17  composition of the jury as a separate "substantive claim" during state proceedings. (Doc. 20
18  at 9-10). Therefore, the R&R will be adopted regarding these five claims.

## III. Petitioner's Remaining Claims Fail on the Merits

20  The R&R addresses the merits of five claims. Having reviewed those claims *de novo*,
21  the R&R correctly rejects all five. In brief: 1) Petitioner has not shown the state court's
22  decision on his ineffective assistance of counsel claim based on counsel's statement
23  regarding guilt was "objectively unreasonable." *See Woodford v. Visciotti*, 537 U.S. 19, 27
24  (2002); 2) Petitioner has not established any meaningful failure to turn over exculpatory
25  evidence because the evidence was available at the time of trial; 3) Petitioner has not
26  established any claim based on juror misconduct; 4) Petitioner was not denied effective
27  assistance of appellate counsel because the alleged sentencing error was corrected; and 5)
28  Petitioner's ineffective assistance of counsel argument based on the firearm being inoperable

1  was properly rejected because Arizona law does not require the weapon be operable.

2  Accordingly,

3  **IT IS ORDERED** the Report and Recommendation (**Doc. 20**) is **ADOPTED** and the

4  Petition for Writ of Habeas Corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

5  **IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed in

6  forma pauperis on appeal are **DENIED**.  Dismissal of certain portions of the petition is

7  justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

8  On the remaining portions of the petition, Petitioner has not made a substantial showing of

9  the denial of a constitutional right.

10  DATED this 27th day of May, 2014.

Honorable Roslyn O. Silver
Senior United States District Judge